```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA,                       ORDER

        - against -                             09-CR-660 (JG)

BETIM KAZIU,

                        Defendant.
-----------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

Having reviewed the papers filed in connection with the defendant's motion for a judgment of acquittal on all four counts of conviction, I conclude that oral argument is unnecessary and the motion is hereby denied.

Viewed in the light most favorable to the government and drawing all inferences in its favor, the testimony of Sulejmah Hadzovic alone establishes that the defendant and Hadzovic agreed while still in Brooklyn to kill American soldiers and others, including foreign government officials, overseas in pursuit of their shared goal of violent jihad. Hadzovic's testimony is also sufficient to establish that a conspirator committed an overt act in furtherance of the conspiracy within the United States.

The argument that the defendant could not, on the facts of this case, properly be convicted of both Counts One and Two finds no support in the text of either statute, and is rejected, as are the arguments that 18 U.S.C. § 2339A is unconstitutionally vague as applied to Kaziu or, in the alternative, that the convictions on Counts One and Two merge.

As for the attempt conviction, there was ample evidence at trial that the defendant took substantial steps toward providing the material support proscribed by 18 U.S.C. § 2339B. The government is not required to wait for a defendant like Kaziu to commit a terrorist act before

it may properly arrest him and charge him with attempt.  The evidence was also sufficient to show that Kaziu was aware that the organization he attempted to support was engaged in terrorist activity as defined by the statute.

Finally, the evidence overwhelmingly supports the jury's verdict that the defendant conspired to possess, use and carry a machine gun in relation to a crime of violence.

So ordered.


John Gleeson, U.S.D.J.


Dated: Brooklyn, New York
       February 29, 2012