# STANLEY L. COHEN
### ATTORNEY AT LAW

79 Blackberry Lake Road
P.O. Box 629
Jeffersonville, NY 12748
(845) 482-4562
(917) 544+5471

November 26, 2009

By ECF

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Betim Kaziu
Criminal Docket No. 09-660 (FB)

Dear Judge Block:

I am writing Your Honor to request an order directing FCI Danbury to permit Dr. Yasir Qadhi to interview Mr. Kaziu under such terms and conditions that are the norm at the facility concerning visits between counsel and an inmate.

As Your Honor knows Mr. Kaziu, who has been imprisoned for more than a decade, is due to be resentenced by the Court on February 14, 2020. To assist with the preparation of our pre sentence report we have retained the services of Dr. Qadhi to interview Mr. Kaziu and submit to the Court his findings with regard to the defendant's current beliefs and practice of Islam, in particular as it relates to the notion of jihad. Obviously, the defendant's state of mind and evolution in thinking over the last decade about his life and faith are sentencing factors for the Court to consider concerning the issues of recidivism and danger to the community.

Dr. Qadhi, a Muslim cleric, professor and noted Islamic scholar with a doctorate from Yale, has spent decades working with and studying young Muslim men. He writes and lectures extensively on the contemporary experience of young Muslims in America, and the equilibrium between Islamic faith and modern, Western living.

STANLEY L. COHEN

Specifically he has an expertise on young Muslim profiles which includes what has been called "jihadi-cool"—"an undeniable trend . . . for a certain, vulnerable segment of disenfranchised youth to connect and sympathize with the teachings of jihadist preachers." Author of numerous books on the subject, and featured in a *New York Sunday Times* magazine article, Dr. Qadhi has consulted on sentencing matters and submitted a report in another terrorism prosecution involving, like here, a young Muslim defendant; at the time of his arrest, Mr. Kaziu was twenty one years of age.

Recently I asked FCI Danbury to schedule a private contact visit between Dr. Qadhi and Mr. Kaziu as part of our preparation for his resentence. The prison, a designated low level facility, refused our request advising that such a meeting would have to take place under the same rules and circumstances that apply to social visits. Subsequently, I asked prison administrators to reconsider given that FCI social settings do not provide for a quiet, privileged interview that can take place without the risk of a waiver of that privilege. I also noted that social visitors are not permitted to take notes when visiting an inmate. Several days ago I received an email from the prison indicating that my request for a private interview would be scheduled upon receipt of a court order for the visit.

Wherefore it is respectfully requested that Your Honor issue an Order of the Court that FCI Danbury schedule a private meeting between Dr. Qadhi and the defendant subject to the same terms and conditions that routinely apply for visits between counsel and his or her client.

Very truly yours,

Stanley L. Cohen, Esq.

Co-counsel

SLC/bl